IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY M. JOHNSON | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 19-315 |
| | : | |
| UNITED STATES AUTOMOBILE ASSOCIATION, et al. | : | |
| | : | |

**MEMORANDUM**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                   September 30, 2019

Presently before the Court is "Plaintiff's Response to Defendant USAA General Indemnity Company's Statement of Position and Claim for Damages" (Doc. 29, docketed on September 20, 2019), which responds to USAA General Indemnity Company's September 12, 2019 "Statement of Position and Claim for Damages" (Doc. 27). These submissions arise out of this Court's September 6, 2019 "Contempt Order" (Doc. 26), which followed this Court's August 13, 2019 "Order to Show Cause" (Doc. 19).

As part of our Contempt Order we directed defendant to "file its statement of position and claim for damages … setting out what damages, if any, it seeks" as a result of the failure of Plaintiff's counsel to participate meaningfully in the settlement conference process (Doc.26). Defendant did so with its filing of September 12, 2019, asserting a claim for fees and costs of $1870.80 (Doc. 27). Plaintiff's "Response" followed on September 20, 2019 (Doc. 29).

In the Response, Marc Simon, as CEO of the Simon and Simon firm, acknowledged and apologized for the multiple failures of his firm through Attorney Hoffman that gave rise to the Contempt Order. We accept this apology, as we do the apology articulated by Ms. Hoffman at

1

the September 5, 2019 hearing.  Citing to the extensive experience his firm has in our Court, Mr. Simon urged me to accept that he takes his and his firm's professional duty seriously.

To demonstrate this commitment, he advises that he "immediately implemented an education program to re-educate [his] attorneys on federal court practice and procedure to ensure compliance with all federal rules, court orders, and individual Judge[s'] practices and procedures, including those surrounding settlement conferences" (Doc. 29 at 2).  He reports that he had five of the firm's attorneys, including Ms. Hoffman, attend a CLE put on by the Philadelphia Bar Association's Federal Courts Committee.

Pertinent to this Memorandum, we note that Mr. Simon has also asked the Court to reconsider the September 6, 2019 Contempt Order.  He points out that he has taken affirmative steps with his firm which will hopefully lead to a more complete understanding of our federal court practice.  He has also, without challenge, promptly paid the fees and costs requested by defense counsel.

Appreciating this Response and accepting the apologies of Ms. Hoffman and Mr. Simon on behalf of the firm, we grant this request for reconsideration and will vacate the Contempt Order of September 6, 2019.  We will instead issue a Sanctions Order, directing the firm to make the payment to defense counsel for fees and costs as was contemplated in the Contempt Order.

An appropriate Order follows.